IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KENNETH BENDFELDT, and | § | |
| BETTINA ROLOFF, | § | No. 68, 2014 |
| | § | |
| Defendants Below- | § | |
| Appellants, | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Kent County |
| | § | |
| HSBC MORTGAGE CORPORATION, | § | |
| (USA), | § | C.A. No. K09L11016 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: September 10, 2014
Decided: October 7, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, **RIDGELY**, **VALIHURA**, Justices, and **GLASSCOCK**,[*] Vice Chancellor, constituting the Court *en Banc*.

### *O R D E R*

On this 7th day of October 2014, it appears to the Court that:

(1) Defendants-Below/Appellants Kenneth Bendfeldt and Bettina Roloff (collectively, the "Mortgagors") appeal from a Superior Court order granting a Motion to Affirm Default Judgment and Proceed to Sheriff Sale in favor of Plaintiff-Below/Appellee HSBC Mortgage Corp. (USA) ("HSBC"). The Mortgagors raise three claims on appeal. First, they argue that the trial court erred by concluding that they did not have standing to challenge HSBC's ownership of

---

[*] Sitting by designation pursuant to art. IV, § 12 of the Delaware Constitution and Supreme Court Rules 2 and 4(a) to fill up the quorum as required.

the mortgage. Second, they argue that the trial court erred in making factual determinations without considering the Mortgagors' evidence. And third, they contend that the trial court erred when it refused to address the ownership of the note that secured the mortgage.

(2) In 2007, the Mortgagors obtained a loan for $283,500 from HSBC (the "Mortgage"). The Mortgagors also executed a note evidencing their obligation to repay the Mortgage, secured by their real property in Harrington, Delaware. The Mortgage named Mortgage Electronic Registration Systems, Inc. ("MERS") as the mortgagee in its capacity as nominee for HSBC. On or about March 1, 2009, Mortgagors defaulted on the Mortgage. In November 2009, HSBC initiated a foreclosure action in the Superior Court. Days after the filing, MERS executed a certificate of assignment assigning HSBC the Mortgage. The Mortgagors were served notice of the complaint, but failed to appear or file a response.

(3) On March 22, 2010, the Superior Court issued a default judgment in favor of HSBC. HSBC then attempted to execute the judgment by filing a writ of *levari facias*. The writ was issued and a sheriff's sale was scheduled for July 2010. One day prior to the sheriff's sale, the Mortgagors entered an appearance. The sale was stayed, and the parties engaged in discovery. Due to a clerical error in the original assignment, MERS executed a corrective assignment to HSBC. HSBC then assigned the Mortgage to the Federal National Mortgage Association ("Fannie

Mae"). On April 23, 2013, HSBC moved to affirm the default judgment and proceed to sheriff's sale. The Mortgagors objected and moved to vacate the default judgment. After oral argument and additional briefing, the Superior Court granted HSBC's motion to affirm the default judgment. This appeal followed.

(4) Rule 55(c)[2] of the Superior Court Rules of Civil Procedure provides that default judgments may be set aside in accordance with Rule 60(b).[3] "'A motion to reopen a judgment under Rule 60(b) is addressed to the sound discretion of the trial court and will be reviewed by this Court on appeal for an abuse of that discretion.'"[4]

(5) As a preliminary matter, we assume without deciding that the Mortgagors had standing to challenge the assignments in this case. The issue of whether and, if so, when mortgagors have standing to challenge an assignment is an important one that we need not and therefore do not reach to decide this appeal because the Mortgagors' challenge is without merit. The record shows that the Mortgagors were served personally by the Sheriff and did not file a timely answer to the complaint.[5] The Mortgagors have been in default since 2009. The record also shows that HSBC was both the holder of the mortgage and the holder of the

---

[2] Super. Ct. Civ. R. 55(c).
[3] Super. Ct. Civ. R. 60(b).
[4] *Gibson v. Car Zone*, 2011 WL 5354270, at *2 (Del. Nov. 8, 2011) (internal quotation marks omitted).
[5] *See* Appellants' Op. Br. App. at A7, Dkt. Item 6.

negotiable note evidencing the Mortgagors' debt. The note was endorsed in blank, a copy was attached to HSBC's brief submitted to the trial court, and HSBC offered to produce the original note upon request.

(6) The burden lies on the Mortgagors to show that the default judgment should be vacated under Rule 60(b) of the Superior Court Rules of Civil Procedure. We find no abuse of discretion in denying relief to the Mortgagors because they have failed to meet this high burden. Accordingly, we affirm.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED.**

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

4